## Chagnon v. Haverford Township Commissioners

*Read Rocap, Jr.*, and *Homer C. Grasberger*, for plaintiffs.

*Raymond E. Larson*, for defendants.

TOAL, J., January 7, 1959.—This matter comes before us on defendants' preliminary objections in the nature of a demurrer to a complaint in mandamus filed

by plaintiffs. A demurrer tests the legal sufficiency of a pleading, and for the sole purpose of testing such legal sufficiency the facts well pleaded in the pleading are admitted as true: Dippel v. Brunozzi, 365 Pa. 264, 74 A. 2d 112.

After reviewing plaintiffs' complaint, we are of the opinion that it must be dismissed. The prayer of the complaint requests that this court command the Board of Commissioners of Haverford Township to approve plaintiffs' application for a certain land subdivision. In the body of plaintiffs' complaint it is alleged that defendants verbally rejected plaintiffs' application for a certain subdivision. Therefore, the prayer of the complaint in effect asks the court to reverse this decision.

After reviewing the provisions of the First Class Township Code, we are of the considered opinion that no valid decision has been made as yet by defendants relating to plaintiffs' application for a subdivision. Hence plaintiffs' complaint is premature.

A perusal of the provisions of the First Class Township Code of June 24, 1931, P. L. 1206, art. XXX-A, 53 PS §58061, etc., relating to land subdivisions, will reveal that there are two types of land subdivision, namely: (1) Subdivisions wherein lots abut existing improved streets or highways of sufficient width; and (2) subdivisions wherein lots abut existing streets of insufficient width or proposed streets.

Section 3065 of the act, 53 PS §58065, establishes the procedure to be followed in the former cases while section 3066 establishes the procedure to be followed in the latter cases.

Section 3065 is as follows:

"Such regulations may provide that plans of subdivisions, wherein lots abut existing improved streets or highways of sufficient width, shall be subject to

approval or rejection by the township engineer or a committee appointed by the board of township commissioners as specified in the ordinance or resolution establishing the regulations. In the event such a plan is disapproved, the reasons therefor shall be set forth in writing and given to the applicant. Any person aggrieved by the decision of the township engineer or a committee may appeal to the board of township commissioners and such appeal shall be considered by the board at its next regular meeting. The decision of the board shall be final."

In a case where the regulations, i.e., the subdivision ordinance, does not provide that the subdivision plans be subject to approval or rejection by the township engineer or a committee, and that would seem to be the case here although it is not so averred by plaintiffs, but instead provides that such plans be submitted to the board of township commissioners directly, we are of the opinion that said board acts in lieu of the engineer or committee and henceforth is bound to follow the provisions of the aforesaid section of the act. It is quite clear that these provisions require that when a plan is disapproved the reasons therefor shall be set forth in writing and given to the applicant.

Section 3066*(a)* is as follows:

"(a) Plans may be referred to planning commission for recommendations. Such regulations may provide that plans of subdivisions, wherein lots abut existing streets or highways of insufficient width or streets proposed to be laid out through unimproved land, may if the board of township commissioners deems it advisable, be referred to a planning commission of the township, if any, for its recommendations as to location and width of streets and similar features. Such plans shall be subject to approval or rejection by the board of township commissioners. In the event

such a plan is disapproved the reasons therefor shall be set forth in writing and given to the applicant. Any party aggrieved by the decision of the board of township commissioners may appeal to the court of quarter sessions of the county as hereinafter provided."

It is obvious, from a reading of the above section of the act, that when a plan is disapproved the reasons therefor must be set forth in writing by the township board of commissioners and given to the applicant.

Therefore, where the applicants' subdivision plans have been disapproved, whether the subdivision be of one type or the other, the reasons for the disapproval must be set forth in writing and given to the applicant. Since the board of township commissioners have not complied with the aforesaid provisions of the act, legally no decision as yet has been rendered. Therefore plaintiffs' complaint is premature and must be dismissed as it now stands.

However, we are of the opinion that plaintiffs should be permitted to amend their complaint in mandamus to compel the board of township commissioners to set forth in writing the reasons for its disapproval of the subdivision plan, as required by the act. If the board has no reasons, then that fact should be set forth in writing. In such an amended complaint, plaintiffs should set forth the type of subdivision for which they applied so that the court may be informed of section of the act that applies.

Defendants' argument that paragraph *(f)* of section 3066, 53 PS §58066*(f)*, is the general section relating to approval or disapproval of subdivision plans and that the board of commissioners' decision does not have to be in writing because said section has no requirement that it be in writing, is without merit. Paragraph *(f)* of section 3066 pertains specifically to appeals after a decision is made. Further, it is spe-

cifically referred to in paragraph *(a)* which requires the decision to be in writing.

Therefore we make the following

*Order*

And now, to wit, January 7, 1959, it is ordered, adjudged and decreed that:

1. Defendants' preliminary objections in the nature of a demurrer are hereby sustained.

2. Plaintiffs are allowed 20 days from the date of this order to file an amended complaint in accordance with the foregoing opinion and upon their failure to do so, the complaint now of record shall be dismissed.

3. In the event that plaintiffs fail to file an amended complaint within 20 days from the date of this order, they are hereby given an exception to the order of the court.